UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**CENTRAL NEW YORK LABORERS' HEALTH
AND WELFARE FUND, by Janet M. Moro,
as Fund Administrator; CENTRAL NEW YORK
LABORERS' PENSION FUND, by Janet M. Moro,
as Fund Administrator; CENTRAL NEW YORK
LABORERS' ANNUITY FUND, by Janet M. Moro,
as Fund Administrator; CENTRAL NEW YORK
LABORERS' TRAINING FUND, by Janet M. Moro,
as Fund Administrator; and CONSTRUCTION
AND GENERAL LABORERS' LOCAL UNION
NO. 633, by Gabriel Rosetti, as Business Manager,**

              **Plaintiffs,**        5:08-CV-0869
                                        (NAM/DEP)

    vs.

**CERTIFIED TRAFFIC CONTROLLERS, INC.
and CHRISTINE M. JOYCE, Individually and as
an Officer of Certified Traffic Controllers, Inc.,**

              **Defendants.**

---

**APPEARANCES**                                    **OF COUNSEL:**

Blitman & King LLP                                 Jennifer A. Clark, Esq.
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, New York 13204
Attorney for Plaintiffs

**Norman A. Mordue, Chief U.S. District Judge**

## MEMORANDUM DECISION AND ORDER

### INTRODUCTION

    On August 13, 2008, plaintiffs Central New York Laborers' Health and Welfare, Pension,

Annuity and Training Funds and Construction and General Laborers' Local Union No. 633 filed

this action alleging that defendants Certified Traffic Controllers, Inc. and Christine M. Joyce, violated the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*., and the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185 (a) *et seq*., by failing to timely remit fringe benefit contributions and deductions. To date, defendants have not filed an answer or otherwise appeared in this action.

## BACKGROUND

On September 26, 2008, defendant Christine Joyce executed an Affidavit and Stipulation (Confession) for Entry of Judgment in the amount of $23,649.06, plus attorneys' fees and costs and disbursements incurred by plaintiffs subsequent to September 5, 2008. According to the Affidavit and Stipulation, the sum of $23,649.06 represents: (1) $3,801.60 in fringe benefit contributions and deductions due for the period October 2003 through June 2006; (2) $4,552.50 in interest through October 1, 2008; (3) $6,018.70 in liquidated damages; (4) $3,279.95 in audit fees; (5) $4,411.75 in attorneys' fees and costs; (6) $1,584.56 in interest amortized over a period of twelve (12) months.

The Affidavit and Stipulation further states that Certified Traffic Controllers, Inc., will "timely remit payment of fringe benefit contributions due and owing subsequent to August 2008" and produce their books and records for plaintiffs' review within thirty days of any request.

According to the Affidavit and Stipulation, plaintiffs "agreed to suspend payment of $6,018.70 in liquidated damages . . . provided [defendants] comply with the terms of settlement and do not default". Joyce also executed a promissory note in the amount of $17,630.36, which represents the sum of $23,649.06, less $6,018,70 in liquidated damages, which, as stated, plaintiffs agreed to suspend, to be payed in monthly installments.

In the event defendants default, the Affidavit and Stipulation states that plaintiffs are entitled:

> to file this Affidavit and Stipulation (Confession) for Entry of Judgment with the United States District Court, Northern District of New York . . . and a judgment will be taken against [defendants] for the following: (1) the outstanding amount due under the terms of the Promissory Note; plus (2) the $6,018.70 suspended [liquidated damages]; plus (3) the attorneys' and paralegal fees and costs and disbursements incurred since September 5, 2008 in connection with collection and/or settlement of the debt, including, but not limited to, the preparing and filing of said Affidavit and Stipulation (Confession) for Entry of Judgment.

Dkt. No. 12-3, ¶18.

On February 12, 2009, plaintiffs filed a motion requesting that the Court enter default judgment against defendants. In support of their application, plaintiffs filed affidavits by Fund Administrator Janet Moro and Business Manager Gabriel Rosetti stating that plaintiffs have defaulted under the terms of the Affidavit and Stipulation. Specifically, Moro avers that defendants "have not remitted the fringe benefit contributions due and owing as a result of hours worked by employees during the months of August 2008 and September 2008 and have not filed remittance reports or remitted payment for November 2008 and December 2008. Moro Aff. ¶ 7. Moro further avers that defendants made five installment payments, four of which were untimely. *See* Moro Aff. ¶6. Accordingly, plaintiffs seek a damages award in the sum of $17,432.01 which represents: (1) $17,630.36 in unpaid and untimely contributions and deductions with interest thereon; plus (2) $6,018.70 in liquidated damages, which plaintiffs will no longer suspend; plus, (3) $1,812.05 in attorneys' and paralegals' fees and $251.68 in costs and disbursements; minus (4) $8,280.78, which defendants previously remitted through installments.

## DISCUSSION

Under Rule 55(b) of the Federal Rules of Civil Procedure, default judgment shall be

3

entered if a defendant has failed to plead or otherwise defend an action." *Parise v. Riccelli Haulers, Inc.*, 672 F.Supp. 72, 74 (N.D.N.Y. 1987). Rule 55(b)(2) and Local Rule 55.2 set forth the procedural prerequisites plaintiffs must meet before their motion for default judgment may be granted. Plaintiffs must: (1) properly serve defendant with a summons and complaint (to which no response has been made); (2) obtain an entry of default; and (3) provide an affidavit setting forth the facts required by L.R. 55.2(a), including an affidavit showing that defendant is not an infant or incompetent, or in the military service. *See* Fed. R. Civ. P. 55(b)(2); N.Y.N.D.L.R. 55.1 and 55.2.

Defendants have not answered or otherwise moved with respect to the complaint. Plaintiffs received a clerk's entry of default on December 9, 2008. On February 2, 2009, plaintiffs filed a motion for default judgment pursuant to Rule 55(b)(2). Plaintiffs have submitted an affidavit by their counsel showing that defendants are not infants or incompetent, and are not in the military service. Therefore, plaintiffs have fulfilled the procedural prerequisites for default judgment.

### *Liability and Damages*

Pursuant to 29 U.S.C. § 1145, "[e]very employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. Further, where the contract between the parties classifies unpaid contributions as trust assets, the controlling officer of the company is a fiduciary individually liable for a delinquency if he withholds contributions from the plans. *NYSA-ILA Med. and Clinical Servs. Fund v. Catucci*, 60

4

F.Supp.2d 194 (S.D.N.Y. 1999); *LoPresti v. Terwilliger*, 1216 F.3d 34, 40 (2d Cir. 1997) (finding that individual who commingled plan assets with general assets, and used plan assets to pay company creditors, rather than forwarding the assets to the plaintiff funds meant that he "exercise[d] . . . authority or control respecting . . . disposition of [plan] assets, and hence is a fiduciary for purposes of imposing personal liability under ERISA.").

Plaintiffs have established that defendant Certified Traffic Controllers, Inc., as the business which signed the collective bargaining agreement, is liable for delinquent contributions and deductions, interest, and liquidated damages, and that Christine M. Joyce, as officer of Certified Traffic Controllers, Inc., and fiduciary of plan assets, including unpaid contributions, is individually liable. In support of their application, plaintiffs have filed the Affidavit and Stipulation (Confession) for Entry of Judgment by Christine M. Joyce acknowledging defendants' liability for the damages alleged in the complaint. Plaintiffs have also filed affidavits by Janet M. Moro, and Gabriel M. Rosetti, as evidence of plaintiffs' default under the Affidavit and Stipulation and as evidence of the amount of damages for which defendants are liable. In view of the affidavits and documentary evidence submitted by plaintiffs, a hearing to ascertain the damages in this case is unnecessary. Plaintiffs have demonstrated their entitlement to damages in the sum of $15,368.28 which represents $23,649.06 minus $8,280.78, the amount defendants previously remitted through installment payments.

### *Audit*

Plaintiffs have also established that they are entitled to an order compelling defendants to produce their books and records for an audit, and pay the cost and expense of such audit as well as all attorneys' and paralegals' fees and costs plaintiffs incur in obtaining that audit. Where a

Fund's trust documents, to which an employer has bound itself, specifically provide that the Fund can examine any of the employer's records, an employer must comply with such agreed upon obligations. *Central States, Southeast & Southwest Pension Fund v. Central Transport, Inc.*, 472 U.S. 559 (1985). Furthermore, "Fund Trustees have a fundamental duty to locate and take control of Fund property - a duty for which the right to audit is crucial." *Jaspen v. Glover Gas Corp.*, 80 F.3d 38, 41 (2d Cir. 1996). Such a right is "essential to the management of the Funds." *Id.* Here, the terms of the Trusts and Collections Policy to which defendants are bound require defendants to submit to an audit of their employment, payroll, and related records.

### *Attorneys' Fees and Costs*

Finally, plaintiffs statutorily entitled to recover reasonable attorneys' fees and costs associated with their efforts to collect the delinquent contributions and deductions. 29 U.S.C. § 1132(g)(2)(D). Plaintiffs request $1,812.05 in attorneys' and paralegal fees and $251.68 in costs and disbursements. Plaintiffs submit detailed time records which the Court has reviewed and finds reasonable. They demonstrate that 2.40 attorney hours at $235.00 per hour and 1.30 paralegal hours at $128.00 per hour in 2008 and 3.05 attorney hours at $247.00 per hour and 2.45 paralegal hours at $134.00 per hour were spent on this matter in 2009.

With respect to hourly fees, the Second Circuit has held that courts are to award the presumptively reasonable fee, that is, the fee that would be paid by a reasonable paying client in the relevant community. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 191-93 (2d Cir. 2008). The Court notes that plaintiffs' counsel Jennifer A. Clark, Esq. has extensive experience and expertise in this field of litigation. Due to the nature of the claims, a substantial amount of expertise, time, and labor is required to pursue the claims

successfully, even though in some cases recoveries may be relatively small. Here, counsel has succeeded in obtaining a judgment recovering liquidated damages as well as an order compelling defendants to produce their records for an audit. The importance of this case lies not only in recovering benefits for the affected employees, but also in conveying the message to employers and workers that the ERISA requirements will be enforced. The Court is aware of attorneys' fee awards in similar cases in this community; it has recently been determined that the prevailing rate in this community in a similar case by the same attorneys is $210 per hour for experienced attorneys and $80 per hour for paralegals. *See Engineers Joint Welfare, Pension, Supp. Unempl. Benefit & Training Funds v. Reape* ("*Reape*"), 2008 WL 2385908, *4 (N.D.N.Y. 2008). In light of these factors and the Court's own knowledge of the rates prevailing in the legal community, the Court finds that the rate in *Reape* is the reasonable fee in the case at bar. Plaintiffs have not submitted evidence warranting a different result.

Accordingly, the award of attorneys' fees and costs is the sum of $1,696.18, which represents: (1) $1,144.50 (5.45 x $210) for Attorney Clark's services; plus (2) $300 (3.75 x $80) for paralegals' services; plus (3) $251.68 in costs.

## CONCLUSION

It is therefore

ORDERED that plaintiffs' motion for default judgment is granted; and it is further

ORDERED that plaintiffs are awarded judgment against Certified Traffic Controllers, Inc., and Christine M. Joyce, as officer of Certified Traffic Controllers, Inc., for the sum of $17,064.46, which represents: (1) $15,368.28 in damages; plus (2) $1,696.18 in attorneys fees and costs, together with interest thereon, at the rate provided for by 28 U.S.C. § 1961(a); and it is

further

ORDERED that defendants produce their books and records for plaintiffs' review and audit covering the period January 1, 2007 to date, to pay the cost and expense of such audit, to pay all auditing fees, and to pay all attorneys' fees and costs incurred in obtaining the audit; and it is further

ORDERED that the Court will retain jurisdiction over this action to enter judgment for any and all contributions and deductions that are determined to be due as a result of the audit, plus the applicable interest thereon, liquidated damages, costs and expenses of collection, audit fees and attorneys' fees.

IT IS SO ORDERED.

Date: September 28, 2009

_____
Norman A. Mordue
Chief United States District Court Judge